Shaw C. J.
delivered the opinion of the Court. The only question is, whether Waldo is chargeable upon his answer as trustee.
It appears by the answer of the trustee, that he had received a sum of money at New York, for Dinsmoor, one of the principal defendants ; and the question is, whether he discharged himself from the debt thereby created, by giving the promissory note in the manner and under the circumstances disclosed in his answer.
It is contended, on the part of the plaintiff, that it sufficiently appears that the giving of the note by the trustee to the principal wras merely colorable, and so understood by the parties, and therefore the trustee still continued to be the debtor of the principal, as in the case of Dennie v. Hart & Tr. 2 Pick. 204. This question must be decided upon the facts disclosed by the trustee ; and upon these facts the Court are of opinion, that the giving of this promissory note was intended and understood to be payment of the debt, pro tanto, that the note was to be the absolute property of the promisee, to dispose of it as he saw fit, and that the trustee, to that extent, was discharged. This distinguishes the case at bar from the ease cited, which proceeded expressly upon the ground, that *274 the check given by the trustee remained under his control and subject to his order, and so did not operate as the discharge of the precedent debt. Here if the trustee had accomplished his first purpose, that of getting the thousand-dollar bill changed, and had given over to the principal $ 600 in bank notes at the time he gave his own note, it would have been a valid discharge, and would have prevented any creditor from holding him by attachment as trustee, although the intent of such immediate payment was to prevent the service of a trustee process by paying over the funds. If, as the trustee declares under oath, his own promissory note was given and accepted for the like purpose, both parties understanding that the transaction was conclusive and definitive, and that the trustee was to esteem the bank note as his own, and the principal to receive the promissory note as his own, to collect or negotiate as he should see fit, we can perceive no reason for departing from the established rule of law, as adopted in this Commonwealth, that a promissory negotiable note given for a debt is payment; and upon the question whether trustee or not, the answer of the trustee must be taken as conclusive on the facts.[1]

Trustee discharged.

 See Barnard v. Graves, 16 Pick. 41.